IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 23 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

JOSEPHINE T. REESE,

    Plaintiff,

v.

WACHOVIA BANK, N.A.,

    Defendant.

CIVIL ACTION
NO. 1:08-cv-3461-GET

O R D E R

The above-styled matter is presently before the court on Wachovia's Motion to Dismiss [docket no. 5].

Plaintiff Reese filed this action on October 10, 2008 in the Superior Court of Gwinnett County raising claims under the Georgia Fair Business Practices Act ("FBPA"), the Georgia Unfair or Deceptive Practices Toward the Elderly Act (UDPTEA), and the Georgia Residential Mortgage Act ("GRMA"), as well as claims for fraud, negligent misrepresentation, and negligence. Defendant Wachovia removed the case to this court on November 11, 2008.

### Standard

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. The court is to presume true all of the complaint's allegations and make all reasonable inferences in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). However, "[c]onclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1181, 1188 (11th Cir. 2002)).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless provide the "'grounds' of his 'entitle[ment] to relief'" and "a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)); see also Fed. R. Civ. P. 8(a) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations omitted). A complaint can survive a motion to dismiss under Rule 12(b)(6) if the complaint "succeeds in identifying facts that are suggestive enough to render [each elements of the claim] plausible." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1294-95 (11th Cir. 2007).

Fed. R. Civ. P. 8(a) requires only that a claim for relief set out "a short and plain statement of the grounds upon which the

court's jurisdiction depends," "a short and plain statement showing that the pleader is entitled to relief," and "a demand for judgment for the relief the pleader seeks." However, the court applies a heightened pleading standard to allegations of fraud or mistake. According to Fed. R. Civ. P. 9(b), "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Discussion

**Georgia's Fair Business Practices Act ("FBPA") and Unfair or Deceptive Practices Toward the Elderly Act ("UDPTEA")**

First, Wachovia asserts that FBPA and UDPTEA are inapplicable here and therefore, plaintiff's claims based on these statutes should fail as a matter of law. FBPA makes it unlawful to use "[u]nfair or deceptive practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a). UDPTEA provides an additional civil penalty when a FBPA violation injures an elderly or disabled person as defined in O.C.G.A. § 10-1-850. O.C.G.A. § 10-1-851. UDPTEA also provides a "cause of action to recover actual damages, punitive damages, if appropriate, and reasonable attorney's fees when" an elderly or disabled person suffers damage or injury as a result of an offense or violation of Article 31. O.C.G.A. § 10-1-853 Hence, plaintiff's claim based on UDPTEA is dependent on her FBPA claim.

O.C.G.A. § 10-1-396 (1) provides that the FBPA shall not "apply to . . . actions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States." The General Assembly intended that the Georgia FBPA have a "restricted application only to the unregulated consumer marketplace and that FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise." Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 45 (1998). The area of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act. Moreover, the Board of Governors of the Federal Reserve "shall prohibit" abusive lending practices in the refinancing of mortgage loans: therefore the specific conduct alleged in this case is, in fact, regulated. 15 U.S.C. § 1639(1)(2). The "[]FBPA does not apply to residential mortgage transactions." Zinn v. GMAC Mortgage, 2006 WL 418437, at *4 (N.D. Ga. Feb. 21, 2006). Therefore, plaintiff's claims under FBPA fail as a matter of law and, because plaintiff's UDPTEA claims are dependent thereunder, defendant's motion to dismiss plaintiff's claims under FBPA and UDPTEA [docket no. 5-1] is GRANTED.

## Georgia Residential Mortgage Act ("GRMA")

Next, defendant moves to dismiss plaintiff's claim under GRMA, arguing that a private plaintiff may not sue for violations of GRMA. Plaintiff argues that she brings her claim for damages under O.C.G.A. §§ 51-1-6 and 51-1-8 and the relevant statute that has been violated is the GRMA. O.C.G.A. § 51-1-6 provides a private right of action "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms" and the injured party suffers damages. O.C.G.A. § 51-1-8 provides that "[p]rivate duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action."

While the GRMA does not expressly provide a private cause of action, the GRMA does contain enforcement provisions which permit the Georgia Department of Banking and Finance to issue "cease and desist" orders for violations of the GRMA and to petition courts to direct parties to comply with the department's orders, as well as civil penalties for parties who violate the terms of any such order and criminal penalties for those who violate certain sections of the GRMA. O.C.G.A. §§ 7-1-1018 (a-c), 7-1-19. The statute's extensive methods of enforcement and the already existing tort law remedies for misrepresentation and fraud, which relate both to the

issues of this case and four of the prohibited acts under § 7-1-1013, strongly caution the court against reading a private civil cause of action in the GRMA. Where a statute provides for a comprehensive administrative scheme, there is strong evidence that the legislature intended those remedies to remain exclusive. See Cellular One, Inc. v. Emanuel County, 227 Ga. App. 197 (1997), see also Farlow v. Union Cent. Life Ins. Co., 874 F.2d 791, 798 (11th Cir. 2989). Where the legislature did not intend for a statute to provide a private right of action, §§ 51-1-6 and 51-1-8 cannot be read so as to create one. Reilly v. Alcan Aluminum Corp., 272 Ga. 279, 281 (2000).

The court in Amick v. BM & KM, Inc., distinguished the Georgia Supreme Court's holding in Reilly, by finding that the decision in Reilly was based heavily upon the special status of the employment at-will doctrine in Georgia jurisprudence, where the plaintiff alleged age discrimination. The court in Amick noted that judicially-created public policy exceptions to the employment at-will doctrine are prohibited, and employees cannot resort to the courts to recover for wrongful discharge, unless the legislature passes a law allowing them to do so. In contrast, Amick involved a blind man who asserted a claim based on discrimination in public accommodations for which O.C.G.A. § 30-4-4 provides a minor criminal penalty but no administrative remedy whatsoever. The case at bar is substantially more similar to Reilly. As in the

employment context, the legislature, in dealing with residential mortgages, has provided for a comprehensive administrative scheme, as well as provisions for civil and criminal penalties. The plaintiff has failed to cite to any case involving a regulatory licensing statute with administrative and criminal remedies in which the Georgia courts implied a private cause of action, nor has the court found any such cases in its research. Accordingly, this court concludes that the GRMA is inapplicable and defendant's motion to dismiss [docket no 5-2] the GRMA claim is GRANTED.

### Fraud, Negligent Misrepresentation, and Negligence Claims

Defendant Wachovia seeks to dismiss plaintiff's fraud claim because it has not been alleged with the necessary particularity. Federal Rule of Civil Procedure 9(b) sets specific requirements for alleging fraud. Rule 9(b) requires: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); see also United States v. Lab. Corp. of Am. Inc., 290 F.3d 1301, 1310 (11th Cir. 2002). "Essentially, Rule 9(b) requires plaintiffs in a fraud case to specify the who, what, where, when, why and how of the alleged fraud." WESI, LLC v. Compass Envtl., Inc., 509 F. Supp. 2d 1353, 1358 (2007) (citing In re World Access, Inc., 119 F. Supp. 2d 1348, 1353 (N.D. Ga. 2000)). The particularity rule serves an important purpose in fraud actions by alerting defendants to the "precise misconduct with which they are charged" and protecting defendants

"against spurious charges of immoral and fraudulent behavior." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211, 105 S. Ct. 1179, 84 L. Ed. 2d 327 (1985). The application of the rule, however, must not abrogate the concept of notice pleading. Friedlander v. Nims, 755 F.2d 810, 813 n. 3 (11th Cir. 1985). Allegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity. Durham v. Business Management Associates, 847 F.2d 1505, 1512 (1988). Taking into account the general simplicity and flexibility contemplated by the rules and after reviewing the plaintiff's complaint in total, the court FINDS that the plaintiff has adequately satisfied the requirements of Fed. R. Civ. P. 9(b). See generally, Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (1984).

Next, Wachovia seeks to dismiss plaintiff's fraud claim by alleging that she is barred from claiming "justifiable reliance" as a matter of law. Wachovia makes the same argument with regard to plaintiff's negligent misrepresentation and negligence claims. Justifiable reliance is a key element of any fraud claim and under Georgia law, it is clear that a party who fails to exercise ordinary diligence cannot establish justifiable reliance. Georgia courts have held there is a duty to read any document that one signs, unless there are "special circumstances." Shaw v. Fillman,

184 Ga. App. 364, 365 (1987). In this case, plaintiff has alleged there existed a confidential relationship between she and the bank, owing in part to her mental disability, which could prevent the terms of a contract from binding a party. <u>Yee v. Barnwell</u>, 193 Ga. App. 820, 822 (1989). Particularly because of plaintiff's assertions of mental disability, the court FINDS defendant has failed to show that there is no set of facts upon which plaintiff would be entitled to relief. Therefore, defendant's motion to dismiss with regard to plaintiff's fraud, negligent misrepresentation, and negligence claims [motion 5-3] is DENIED.

Summary

Defendant's motion to dismiss [docket no. 5] is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion to dismiss plaintiff's claims under FBPA and UDPTEA [docket no. 5-1] and GRMA [docket no. 5-2] is **GRANTED**. Defendant's motion to dismiss plaintiff's claims for fraud, negligent misrepresentation, and negligence [docket no. 5-3] is **DENIED**.

SO ORDERED, this 17th day of February, 2009.

_____
G. ERNEST TIDWELL, JUDGE
UNITED STATES DISTRICT JUDGE

Page 9